IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PAMELA J. TAYLOR                                                                     PLAINTIFF

v.                                       4:10CV00185-WRW

SHERI MARBRY, *et al*.                                                 DEFENDANTS

**ORDER**

Pending is *pro se* Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 1).

Because Plaintiff's economic situation qualifies her for *In Forma Pauperis* status, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 1) is GRANTED.

However, under 28 U.S.C. § 1915(e)(2)(B), a court may dismiss a complaint filed *in forma pauperis* at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.[1] "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ."[2] A complaint may be dismissed before service of process and without leave to amend.[3] Although *pro se* complaints are to be liberally construed, "they still must allege sufficient facts to support the claims advanced."[4]

---

[1] See *Martin-Trigona v. Stewart*, 691 F.2d 856 (8th Cir. 1982).

[2] *Johnson v. Bi-State Justice Ctr./Ark. Dep't of Corrections*, 12 F.3d 133, 135 (8th Cir. 1993) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

[3] *Christiansen v. Clarke*, 147 F.3d 655, 658 (8th Cir. 1998).

[4] *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

This case involves a pending nonjudicial foreclosure on property located at 31 Sun Valley Drive, Cabot, Arkansas, 72023. On December 14, 2007, Plaintiff apparently mortgaged the property.[5] The mortgage ("Security Instrument") identifies Plaintiff as the borrower and mortgagor, and the Bank of England as the lender.[6] The Security Instrument clearly explains that it "secures to Lender: (i) the repayment of the Loan . . . and (ii) the performance on Borrower's covenants and agreements under this Security Instrument and the Note."[7] Under the Security Instrument, Plaintiff "irrevocably mortgages, grants and conveys . . ." the property at 31 Sun Valley Drive to MERS (as nominee for the Bank of England).[8]

On March 25, 2010, Plaintiff sued 19 Defendants, ranging from Wells Fargo Bank to debt collectors to Fannie Mae and Freddie Mac.[9] Plaintiff challenges the nonjudicial foreclosure on her property by alleging, among other things, that because Defendants did not put their assets at risk, Defendants cannot have any interest in her property.[10] Plaintiff also maintains that Defendants have been paid in full.[11] Apparently, Plaintiff tried to pay off her loan with something that is not legal tender, and Defendant Wells Fargo refused to accept the item.[12]

---

[5]Doc. No. 1, Exhibit U.

[6]*Id.*

[7]*Id.*

[8]*Id.*

[9]Doc. No. 1.

[10]*Id.*

[11]*Id.*

[12]Doc. No. 1, Exhibit E.

Plaintiff apparently further maintains that Defendants owe Plaintiff $38,415,900.00 based on Plaintiff's Notice of Fault and Opportunity to Cure, which Defendants did not accept.[13] Plaintiff contends that Defendants violated numerous federal laws in making the mortgage and attempting to collect any debt.

After a thorough review of Plaintiff's Complaint, I find the Complaint factually frivolous. Accordingly, Plaintiff's Complaint is DISMISSED under § 1915(e)(2)(B).

The Clerk of the Court is not to issue process or cause process to issue on this Complaint.

IT IS SO ORDERED this 30th day of March, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[13] *Id*.